IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JEFFERY S. COPELAND,<br><br>    Plaintiff,<br><br>v.<br><br>DON JACKSON AUTOMOTIVE GROUP, LLC.<br><br>    Defendant. | Civil Action No.:  2:22-CV-232-RWS-JCF<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Jeffery S. Copeland (hereinafter "Mr. Copeland" or "Plaintiff") and files this Amended Complaint against Defendant Don Jackson Automotive Group, LLC (hereinafter "Defendant") showing the Court that Defendant discriminated against Mr. Copeland in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA") as follows:

**INTRODUCTION**

1.    Mr. Copeland is 62 years old. Defendant hired Mr. Copeland to be its Parts and Service Director in late-August or early-September 2021. During Mr. Copeland's tenure as the Parts and Service Director, the department's revenue increased by twenty percent, the department hired numerous highly-qualified candidates, and customer satisfaction surveys evidenced a consistent exceptional

experience. But in mid-March 2022, Mr. Copeland's supervisor, Derek Jackson, asked him about his age and how long he intended to work. Mr. Copeland informed Derek Jackson that he was in good health and intended to work until he was at least 67. A few weeks later, on Friday April 1, 2022, Derek Jackson demoted Mr. Copeland to a Used Car Manager position. As a result of the demotion, both Mr. Copeland's compensation and job authority substantially decreased. Defendant replaced Mr. Copeland with a substantially younger Service Department Manager.

## THE PARTIES

2. Mr. Copeland is a Georgia resident.

3. Mr. Copeland was 61 years old at the time Defendant demoted him.

4. Defendant is an automobile dealership incorporated in the state of Georgia with a principal place of business located at 5855 Georgia Highway 400, Cumming, Ga 30028.

5. Defendant engages in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in 2021 and/or 2022.

6. Daniel Glickman is Defendant's registered agent and is located at 4040 Song Thrush Court, Roswell, Ga 30075.

## JURISDICTION AND VENUE

7. The ADEA claims alleged in this lawsuit present a federal question and 28 U.S.C. § 1331 provides this Court with the jurisdiction.

8. Defendant resides in and does business within the boundaries of this judicial district, and venue is appropriate under 28 U.S.C. § 1391(b). Moreover, the unlawful employment practices alleged below were committed within the Northern District of the State of Georgia.

## ADMINISTRATIVE PREREQUISTIES

9. Mr. Copeland complied with all conditions precedent to the filing of this action, including filing timely charges of Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said Notice.

## FACTUAL ALLEGATIONS

10. Mr. Copeland was born on September 10, 1960, and is currently sixty-two years old.

11. Defendant hired Mr. Copeland around late-August or early-September 2021 as a Parts and Service Director.

12. Mr. Copeland worked for Defendant at its location at 5855 Georgia Highway 400, Cumming, Ga 30028.

13. Since assuming his position as Parts and Services Director with Defendant, Mr. Copeland increased the revenue of his department by twenty percent as compared the results under his predecessor.

14. Since assuming his position as Parts and Services Director with Defendant, Mr. Copeland improved staffing of his department by hiring multiple skilled technicians and advisors.

15. Since assuming his position as Parts and Services Director with Defendant, Mr. Copeland's department consistently received favorable scores on Customer Satisfaction Surveys.

16. Since assuming his position as Parts and Services Director with Defendant, Defendant has never counseled or disciplined Mr. Copeland regarding deficiencies in his work performance.

17. In March 2022, Mr. Copeland's supervisor, Derek Jackson, asked Mr. Copeland how old he was and how long Mr. Copeland intended on remaining in the workforce.

18. In response, Mr. Copeland informed Derek Jackson that he was in good health and intended to remain in the workforce until he was at least 67.

19. On Friday April 1, 2022, Derek Jackson demoted Mr. Copeland to a Used Car Manager position.

20. As a result of the demotion, Mr. Copeland's compensation decreased by approximately 50%. The demotion also substantially narrowed Mr. Copeland's the scope of authority within the company.

21. After Mr. Copeland's demotion, Defendant replaced Mr. Copeland with a substantially younger individual as the Service Department Manager.

22. Despite diligent efforts to obtain comparable employment, Mr. Copeland has lost income because of Defendant's decision to demote him.

## COUNT I – AGE DISCRIMINATION UNDER THE ADEA

23. Plaintiff incorporates the facts asserted in the preceding paragraphs of this Complaint as if alleged fully herein.

24. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the ADEA.

25. At all times relevant to this case, Defendant has been an employer within the meaning of the ADEA, which applies to one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons who are engaged in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

26. Defendant demoted Plaintiff when it changed his position from Parts and Service Director to Used Car Manager.

27. When Defendant demoted Plaintiff's employment, Plaintiff was over forty years old.

28. Defendant demoted Plaintiff because of Plaintiff's age.

29. Defendant engaged in discrimination based on age in the terms and conditions of Plaintiff's employment in violation of the ADEA, including but not limited to demoting Plaintiff to an inferior position.

30. Defendant knew that federal law prohibits discrimination, and willfully and/or recklessly disregarded Plaintiff's federally protected rights in its demotion of Plaintiff.

31. Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to back pay, prejudgment interest, liquidated damages, reinstatement or front pay, attorney's fees, costs, litigation expenses, and further relief in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a) Find that Defendant engaged in unlawful employment practices in violation of the ADEA.

b) Enjoin Defendant from engaging in unlawful employment practices in violation of the ADEA;

c) Award Plaintiff appropriate back pay with prejudgment interest, and front pay;

d) Award Plaintiff liquidated damages;

e) Assess all costs against Defendant, including litigation expenses and Plaintiff's reasonable attorneys' fees;

f) Grant such other and further relief as the court deems just and proper.

**Plaintiff Copeland demands a trial by jury.**

This 28th day of November, 2022.

Respectfully submitted,

By: */s/ Julie H. Burke*
Julie H. Burke
Georgia State Bar No. 448095
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd., SE, Ste. 1050
Atlanta, GA  30339-6406
Telephone:  770-953-0995
E-mail:  jb@hkw-law.com

*Attorney for Plaintiff*